NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 14 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PATRICIA KLAWONN, on behalf of the Motion Picture Industry Individual Account Plan, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> BOARD OF DIRECTORS FOR THE MOTION PICTURE INDUSTRY PENSION PLANS; et al., <br><br> Defendants - Appellees. | No. 25-2874 <br><br> D.C. No. 2:20-cv-09194-DMG-AS <br><br> MEMORANDUM[*] |
| PATRICIA KLAWONN, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> BOARD OF DIRECTORS FOR THE MOTION PICTURE INDUSTRY PENSION PLANS; et al., <br><br> Defendants - Appellants. | No. 25-3230 <br><br> D.C. No. 2:20-cv-09194-DMG-AS |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted July 10, 2026
Pasadena, California

Before: RAWLINSON and SANCHEZ, Circuit Judges, and FITZWATER, District
Judge.[**]

Patricia Klawonn (Klawonn) appeals the district court's grant of summary judgment in favor of the Board of Directors for the Motion Picture Industry Pension Plans (Defendants), on Klawonn's claim for breach of the fiduciary duty of prudence arising under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001, et seq. Defendants conditionally cross-appeal the district court's earlier class certification order. "We review summary judgment determinations *de novo*." *Tibble v. Edison Int'l.*, 843 F.3d 1187, 1193 (9th Cir. 2016) (en banc) (citation omitted). We review class certification rulings for abuse of discretion and questions of standing de novo. *See Gonzalez v. U.S. Immigr. & Customs Enf't*, 975 F.3d 788, 802 (9th Cir. 2020). Reviewing de novo, we vacate the entry of summary judgment and remand to the district court.

**1.** The district court granted summary judgment in favor of Defendants on the basis that "underperformance must be both substantial *and* consistent to support a claim of imprudence." When it ruled, the district court did not have the

[**]     The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

25-2874

benefit of our decision in *Anderson v. Intel Corp. Inv. Pol'y Comm.*, 137 F.4th 1015 (9th Cir. 2025). In *Anderson*, we clarified that prudence should be evaluated "prospectively, based on the methods the fiduciaries employed." *Id*. at 1021. We therefore remand, for the district court to assess and analyze the direct evidence of breach "based on the methods the fiduciaries employed," and determine if a triable issue of fact remains. *Id*. (explaining that "a breach of the duty of prudence" can be asserted by alleging "facts that would directly show that the fiduciaries employed unsound methods in making their investment decisions") (citations omitted). The district court should also revisit its definition of loss in light of the statutory language referencing "any loss," rather than "substantial loss," as implied by the district court's ruling. *See* 29 U.S.C. 1109(a) (providing that fiduciaries "shall be personally liable to make good to such plan any losses to the plan resulting from each such breach"); *see also Anderson*, 137 F.4th at 1020 (observing that "ERISA plan fiduciaries [are] personally liable for *any losses* to the plan resulting from a breach of fiduciary duty") (emphasis added) (citation omitted).

2.     The district court did not abuse its discretion by initially certifying the class with Klawonn as the class representative. The proffered evidence of Klawonn's intent to return to work was sufficient at that stage of litigation to establish standing with regard to her claims for prospective relief, given that at that

time the motion picture industry was experiencing mass strikes which caused work shortages and Klawonn testified that she "absolutely [would] be returning to work as soon as the strike is over." *See Vasquez Perdomo v. Noem*, 148 F.4th 656, 673 (9th Cir. 2025) (per curiam) ("Although questions of standing are reviewed de novo, we will affirm a district court's ruling on standing when the court has determined that the alleged threatened injury is sufficiently likely to occur, unless that determination is clearly erroneous or incorrect as a matter of law") (citation omitted). However, by the time of summary judgment, a year later, Klawonn remained unemployed and had not yet worked the 870 hours required for her to reenter the retirement plan, resulting in her prospects of returning to work becoming speculative. *See Bernhardt v. County of Los Angeles,* 279 F.3d 862, 869 (9th Cir. 2002) (remarking that "[a] claim may be too speculative if it can be redressed only through the unfettered choices made by independent actors not before the court") (citation and internal quotation marks omitted). The confluence of Klawonn's choice to "cash[] out of the [Retirement] Plan," and her continued unemployment render her claim for prospective relief moot. *See Haro v. Sebelius,* 747 F.3d 1099, 1110 (9th Cir. 2014), *as amended* (noting that "[a] claim becomes moot when . . . the part[y] lack[s] a legally cognizable interest in the outcome") (citation and internal quotation marks omitted).

Nevertheless, because the class was properly certified "before [Klawonn's]

claim be[came] moot," the current mootness of Klawonn's "claim [does] not moot the class action." *Slayman v. FedEx Ground Package Sys., Inc.*, 765 F.3d 1033, 1048 (9th Cir. 2014) (citation omitted). Thus, on remand, the district court should "determine whether a substitute [class] representative would be available." *Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1023 n.6 (9th Cir. 2003).

**VACATED and REMANDED for further proceedings consistent with this disposition.**